IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION

FILED

January 28, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,      )
                               )    No. 01-C-01-9704-CR-00131

      APPELLEE,        )
                               )    Davidson County

v.                            )
                               )    Thomas H. Shriver, Judge

TINA MARIE OVERSTREET,   )
                               )    (Sentencing)

      APPELLANT.     )

FOR THE APPELLANT:        FOR THE APPELLEE:

Jay Norman                     John Knox Walkup
Attorney at Law               Attorney General & Reporter
213 Third Avenue, North      500 Charlotte Avenue
Nashville, TN 37201         Nashville, TN 37243-0497

Georgia B. Felner
Counsel for the State
Cordell Hull Building, Second Floor
425 Fifth Avenue, North
Nashville, TN 37243-0493

Victor S. Johnson
District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201

John Zimmermann
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201

Pam Anderson
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, Tina Marie Overstreet (defendant), was convicted of two counts of delivery of marijuana, Class E felonies, following her pleas of guilty to these offenses. The trial court, finding the defendant was a standard offender, imposed a Range I sentence consisting of a $2,000 fine and confinement for one (1) year in the Davidson County Workhouse for each count pursuant to a plea agreement. It was further agreed the sentences were to be served concurrently. The trial court ordered the defendant to serve from November 22, 1996 to December 23, 1996 in the Metro County Jail. The balance of the sentence is to be served on probation. In this court, the defendant contends the "sentence of confinement imposed is excessive." After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The defendant was twenty-nine years of age when she was sentenced. She is married and three children were born to this union. The defendant and her husband were separated when these offenses occurred.

According to the presentence report, the defendant has a tenth grade education. Her work history is sporadic. She has been found guilty of three misdemeanors. The presentence report indicates the defendant has been smoking marijuana since she was sixteen years of age.

The defendant sold a pound of marijuana to an undercover police officer on two separate occasions. Apparently a friend of the defendant, acting as a confidential informant, arranged the sales.

The trial court did not discuss his reasons for requiring the defendant to serve approximately thirty days in jail as required by the Tennessee Sentencing Reform Act of 1989. Therefore, this court will conduct a review of the record without a presumption of correctness.

The record establishes the defendant has a previous history of prior convictions as well as criminal behavior. Tenn. Code Ann. § 40-35-114(1)(1997 Repl.). This factor must be considered, along with the fact the defendant was able to obtain the two pounds of marijuana with relative ease. When asked by the undercover officer when she would like to sell the two additional pounds of marijuana, she indicated her contact would be going

to Texas in the near future to purchase sixty-five pounds of marijuana. This indicated the defendant was closely associated with her supplier.

The trial court did not abuse its discretion by requiring the defendant to serve approximately thirty days of her sentence. Confinement is required to avoid depreciating the seriousness of the offense. Tenn. Code Ann. § 40-35-103(1)(B)(1997 Repl.). Confinement is also necessary to deter the defendant as well as others from engaging in the sale of illicit narcotics, especially large quantities of illicit narcotics. Tenn. Code Ann. § 40-35-103(1)(B)(1997 Repl.). Finally, the defendant was granted probation in 1993. These offenses occurred in 1996. The defendant continued to smoke marijuana. In short, probation was not a motivation for the defendant to change her lifestyle of engaging in criminal conduct. Tenn. Code Ann. § 40-35-103(1)(C)(1997 Repl.). This court is hopeful the defendant will be able to rehabilitate herself and learn to be a productive citizen and a good and loving mother to her children.


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
WILLIAM M. BARKER, JUDGE